```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| BRADLEY TILFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2989 |
| | § | |
| MICHAEL JONES P/K/A MIKE JONES, | § | |
| WHO IS MIKE JONES MUSIC, | § | |
| MICHAEL K. WATTS P/K/A MICHAEL | § | |
| "5000" WATTS, SWISHA BLAST | § | |
| ENTERTAINMENT, L.L.C., 2 PLAYAS | § | |
| PUBLISHING L.L.C., WARNER BROS. | § | |
| RECORDS, INC., STAVYE THOMAS | § | |
| P/K/A "SLIM THUG," SLIM THUG | § | |
| PUBLISHING, SALIH WILLIAMS, | § | |
| PAUL MICHAEL SLAYTON P/K/A | § | |
| "PAUL WALL," EMI BLACKWOOD | § | |
| MUSIC, INC., and BROADCAST | § | |
| MUSIC, INC. A/K/A "BMI," | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The background of this suit and identities of the parties may be found in the Court's Memorandum and Order entered September 11, 2006. Now pending is Defendants Swisha-Blast Entertainment, L.L.C., 2 Playas Publishing L.L.C., Michael K. Watts p/k/a Michael "5000" Watts, and Paul Michael Slayton p/k/a "Paul Wall"'s Motion to Dismiss (Document No. 45),[1] and Defendant EMI Blackwood Music,

---

[1] Defendants Swisha-Blast Entertainment, L.L.C., 2 Playas Publishing L.L.C., Michael K. Watts p/k/a Michael "5000" Watts, and Paul Michael Slayton p/k/a "Paul Wall" filed an answer to Plaintiff's First Amended Complaint before filing the motion to dismiss, and the motion is therefore untimely. See FED. R. CIV. P.

Inc.'s Joinder to Motion to Dismiss (Document No. 55), to which Plaintiff has filed no response in opposition.[2] After having carefully considered the motion, response, reply, and the applicable law, the Court concludes as follows.

I.  Standard of Review

"Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE [hereinafter "WRIGHT & MILLER"] § 1368, at 591 (Supp. 2002)); *accord* Jones, 188 F.3d at 324 ("Rule 12(c) motions . . . will be treated as a motion for judgment on the pleadings based on a failure to

---

12(b). Nonetheless, the Court will consider the motion as a motion for judgment on the pleadings under Rule 12(c). See Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (district court did not err in construing untimely Rule 12(b) motion as a motion for judgment on the pleadings pursuant to Rule 12(c)).

[2] Although this is Defendant EMI Blackwood Inc.'s second pre-answer motion to dismiss, the Court finds that the motion "was not filed for the purpose of delay and that adjudication of the instant motion will narrow the scope of this matter, greatly expediting resolution of the case." Donnelli v. Peters Sec. Co., No. 02-C-0691, 2002 WL 2003217, at *4 (N.D. Ill. Aug. 29, 2002); *see also* MCW, Inc. v. Badbusinessbureau.com, L.L.C., No. 3:02-CV-2727-G, 2004 WL 833595, at *6 (N.D. Tex. Apr. 19, 2004) (Fish, C.J.); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1361, at 96 (3d ed. 2004). Thus, the Court will consider the merits of Defendant EMI Blackwood Inc.'s joinder to motion to dismiss.

state a claim on which relief may be granted."); Boswell v. Honorable Governor of Tex., 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) ("A ruling on a Rule 12(c) motion for judgment on the pleadings based on the failure to state a claim is reviewed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co., Inc. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A WRIGHT & MILLER § 1367, at 509-10 (1990)).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Great Plains, 313 F.3d at 312 (quoting Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001)).  "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Id. (alteration in original) (quoting Jones, 188 F.3d at 324).  In analyzing the complaint, the district court must accept as true all well-pleaded facts, viewed in the light most favorable to the plaintiff.  Id.; Jones, 188 F.3d at 324.  However, the court will not "accept as true conclusory allegations or unwarranted deductions of fact."  Great Plains, 313 F.3d at 313

3

(quoting <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498 (5th Cir. 2000)).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  <u>Jones</u>, 188 F.3d at 324.  "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  <u>Id.</u>; <u>Great Plains</u>, 313 F.3d at 313.  The same principles apply here in treating the motion as one under Rule 12(c).

## II.  <u>Discussion</u>

Defendants Swisha-Blast Entertainment, L.L.C., 2 Playas Publishing L.L.C., Michael K. Watts p/k/a Michael "5000" Watts, and Paul Michael Slayton p/k/a "Paul Wall" (collectively, the "Swisha-Blast Defendants") move to dismiss: (1) Plaintiff's copyright infringement claim, which is mooted by Plaintiff's First Amended Complaint; (2) Plaintiff's request to be declared an owner of an undivided one-half interest in Song II, which he describes as a derivative of Song I, but without any allegation that Plaintiff or Jefferson collaborated in Song II's creation; and (3) Plaintiff's prayer for damages (a) based on state law unfair competition, misappropriation, and unfair trade practices claims, on grounds of preemption; and (b) for "loss of goodwill, stature and reputation which accrues to the writer of a successful composition" because

Plaintiff does not allege a copyright on a visual work and has no basis under the Copyright Act or common law to assert a claim for attribution.  For the same reasons set forth in that portion of the Memorandum and Order dated September 11, 2006, granting dismissal of the same claims against Defendant EMI Blackwood Inc. ("EMI"), the Swisha-Blast Defendants' motion to dismiss the foregoing claims is also granted.

The Swisha-Blast Defendants (joined by EMI) move to dismiss two additional claims: (1) Plaintiff's claim for an accounting for Song II, since Plaintiff has no claim for co-ownership of Song II as a matter of law; and (2) Plaintiff's request for a permanent injunction.  In discussing the right to an accounting, the Fifth Circuit has stated:

> It is widely recognized that "[a] co-owner of a copyright must account to other co-owners for any profits he earns from the licensing or use of the copyright . . . ." Significantly, "the duty to account does not derive from the copyright law's proscription of infringement. Rather, it comes from '. . . general principles of law governing the rights of co-owners.'"

Goodman v. Lee, 78 F.3d 1007, 1012 (5th Cir.) (footnotes and emphases omitted), *cert. denied*, 117 S. Ct. 166 (1996), *quoting* Oddo v. Ries, 743 F.2d 630, 633 (9th Cir. 1984); *accord* Quintanilla v. Tex. Television Inc., 139 F.3d 494, 498 (5th Cir. 1998).  *See also* R. Ready Prods., Inc. v. Cantrell, 85 F. Supp. 2d 672, 695 (S.D. Tex. 2000) (Atlas, J.) (plaintiffs not entitled to an

accounting where the court found that they lacked co-ownership interest in relevant materials).  Here, the Court has found that Plaintiff did not plead facts claiming an ownership interest in Song II, but instead described it as a derivative of Song I and with no allegation that Plaintiff or Jefferson collaborated in Song II's creation.  Plaintiff on the face of his Complaint is therefore not entitled to an accounting for Song II.  The Swisha-Blast Defendants' and EMI's motion to dismiss Plaintiff's request for an accounting for "all amounts received as a result of the exploitation of [Song II]" is granted, and this claim against the Swisha-Blast Defendants and EMI is dismissed.

Plaintiff also seeks permanently to enjoin Defendants from "manufacturing, distributing, selling, offering for sale, publishing, circulating the CD, album or cassette or any other configuration or digital transmission, entitled 'Who Is Mike Jones' and/or the song 'Still Tippin' [Song II] without giving Plaintiff proper credit for co-authorship of the underlying composition [Song I]."  *See* Document No. 5 ¶ 5.  This is essentially a request to enjoin Defendants from selling (or engaging in other commercial activity with) Song II without giving attribution to Plaintiff's co-authorship of Song I.  As discussed at some length in the Memorandum and Order dated September 11, 2006, the right of attribution applies only to works of visual art for the life of the artist.  No right of attribution is recognized under the Copyright

Act or common law that would entitle Plaintiff to the injunction he seeks "unless" he is given the attribution he demands. Plaintiff fails to respond to this part of Defendants' motion. Indeed, the failure of his Complaint to state a factual basis upon which he would be entitled to injunctive relief against the Swisha-Blast Defendants and EMI entitles these Defendants to dismissal of the claim.

## III.  Order

For the reasons set forth, it is

ORDERED that Defendants Swisha-Blast Entertainment, L.L.C., 2 Playas Publishing L.L.C., Michael K. Watts p/k/a Michael "5000" Watts, and Paul Michael Slayton p/k/a "Paul Wall"'s Motion to Dismiss (Document No. 45), treated as a Fed. R. Civ. P. 12(c) motion, is GRANTED as follows:  Plaintiff Bradley Tilford's copyright infringement claim against the Swisha-Blast Defendants is DENIED as moot in light of Plaintiff's First Amended Complaint; Plaintiff's request that he be declared an owner of an undivided one-half interest in Song II is DISMISSED as against the Swisha-Blast Defendants; Plaintiff's prayer for damages against the Swisha-Blast Defendants based on state law unfair competition, misappropriation, and unfair trade practices claims, and for "loss of goodwill, stature and reputation which accrues to the writer of a successful composition," are all DISMISSED; Plaintiff's claim for

an accounting from the Swisha-Blast Defendants for Song II is DISMISSED; and Plaintiff's request for permanent injunctive relief against the Swisha-Blast Defendants is DISMISSED.  It is further

ORDERED that Defendant EMI Blackwood Music, Inc.'s Joinder to Motion to Dismiss (Document No. 55) is GRANTED in the following particulars:  Plaintiff's claim for an accounting from Defendant EMI Blackwood Music, Inc. for Song II is DISMISSED, and Plaintiff's request for permanent injunctive relief against Defendant EMI Blackwood Music, Inc. is DISMISSED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 28th day of February, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE